# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MICHAEL ALLEE, ) | |
| ) | |
| Petitioner, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 08-2348-KHV |
| BUREAU OF ALCOHOL, TOBACCO, ) | |
| FIREARMS & EXPLOSIVES, et al., ) | |
| ) | |
| Respondents. ) | |
| ) | |
| _____) | |

## MEMORANDUM AND ORDER

Michael Allee brought this action pursuant to the Gun Control Act of 1968, 18 U.S.C. § 921-928, seeking review of the revocation of his federal firearms and manufacturer's license by the Bureau of Alcohol, Tobacco Firearms and Explosives ("BATFE"); William L. Bowers, Director of Industry Operations; Kenneth Melson, BATFE Director; and Eric Holder, United States Attorney General. This matter comes before the Court on Respondents' Motion For Summary Judgment (Doc. #15) filed May 29, 2009. For reasons set forth below, the Court finds that the motion should be sustained.

## Summary Judgment Standard

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); accord Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986); Vitkus v. Beatrice Co., 11 F.3d 1535, 1538-39 (10th Cir. 1993). A factual dispute is "material" only if it "might affect the outcome of the suit under the governing law." Anderson, 477 U.S. at 248. The inquiry is whether

the evidence presents a sufficient disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law. Id. at 251-52.

A "genuine" factual dispute requires more than a mere scintilla of evidence. Id. at 252. The moving party bears the initial burden of showing the absence of any genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Hicks v. City of Watonga, Okla., 942 F.2d 737, 743 (10th Cir. 1991). Once the moving party meets its burden, the burden shifts to the nonmoving party to demonstrate that genuine issues remain for trial "as to those dispositive matters for which it carries the burden of proof." Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir.1990). And, while the Court views the record in a light most favorable to the party opposing summary judgment, the nonmoving party may not rest on his pleadings but must set forth specific facts. Id. The nonmoving party cannot rely on ignorance of facts, on speculation, or on suspicion, and may not escape summary judgment in the mere hope that something will turn up at trial. Conaway v. Smith, 853 F.2d 789, 794 (10th Cir. 1988). If the nonmoving party's evidence is merely colorable or is not significantly probative, the court may grant summary judgment. Anderson, 477 U.S. at 250-251.

## De Novo Review Under 18 U.S.C. § 923(f)(3)

The Gun Control Act of 1968 ("GCA"), 18 U.S.C. §§ 921 et seq., "requires every person who engages in business as an importer, manufacturer, or dealer in firearms or ammunition to be properly licensed by the Secretary of the Treasury." Trader Vic's Ltd. v. O'Neill, 169 F.Supp.2d 957, 962 (N.D. Ind. 2001). BATFE enforces the licensing requirement, and it may revoke any federal firearms license if the licensee violates any federal statute or regulation dealing with the firearms industry. Dimartino v. Buckles, 129 F. Supp.2d 824, 827 (D. Md. 2001), aff'd sub. nom.

Dimartino v. Buckley, 19 Fed. Appx. 114 (4th Cir. 2001) (citing 18 U.S.C. § 923(e)); Trader Vic's Ltd., 169 F.Supp.2d at 963 (single violation of federal statute or regulation controlling firearms industry can be basis for revoking license).

A holder of a license which is revoked is entitled to an administrative hearing to review the denial or revocation. 18 U.S.C. § 923(f)(1)(2). After the hearing, if the Attorney General decides to uphold the denial or revocation, the licensee may seek de novo judicial review in the appropriate United States District Court. Trader Vic's, 169 F. Supp.2d at 963.

The district court can consider any evidence submitted by the parties regardless whether that evidence was previously submitted in the administrative proceeding. Dimartino, 129 F. Supp.2d at 827. The firearms dealer is not necessarily entitled to an evidentiary hearing before the district court; "[a] good reason to hold such a hearing must either appear in the administrative record or be presented by the party petitioning for judicial review." Dimartino, 19 Fed. Appx. at 116; Arwady Hand Truck Sales, Inc. v. Vander Werf, 507 F. Supp. 2d at 758 (although court must conduct de novo review, evidentiary hearing not required; court may enter judgment solely based upon administrative record); see also Willingham Sports, Inc. v. Bureau of Alcohol, Tobacco, Firearms & Explosives, 348 F. Supp.2d at 1307. The district court's de novo review is limited to making an independent determination whether revocation was authorized. See Harrison v. United States, No. CIV-04-100-SPS, 2006 WL 3257401, at *4 (E.D. Okla. Nov. 9, 2006).[1]

Summary judgment is appropriate upon de novo review of the administrative record when

---

[1] If the Court decides that the Attorney General was not authorized to revoke the license, the Court shall order the Attorney General to take such action as may be necessary to comply with the judgment of the court. Breit & Johnson, 320 F. Supp.2d at 673, quoting 18 U.S.C. § 923(f)(3).

the Court has no substantial reason to receive additional evidence and the party petitioning for review does not substantially question the material facts developed at the administrative hearing. Kuss v. BATFE, 440 F. Supp.2d 645, 649 (E.D. Ky. 2005). The issue is not whether the Court would revoke the license in its own judgment. The issue is whether the evidence presented is sufficient to justify the decision to revoke. Morgan v. U.S. Dep't of Justice, 473 F. Supp.2d 756, 762 (E.D. Mich. 2007) (citations omitted).

BATFE may revoke a license for a single violation. Appalachian Res. Dev. Corp. v. McCabe, 387 F.3d 461, 464 (6th Cir. 2004). A party contesting revocation must establish issues of material fact as to all of the violations that were cited in favor of revocation. See 3 Bridges, Inc. v. United States, 216 F.Supp.2d 655, 659 (E.D. Ky. 2002). Failure to contest every violation compels entry of summary judgment for BATFE. See Dick's Sport Ctr., Inc. v. Alexander, No. Civ. 204CV74482, 2006 WL 799178, at *4 (E.D. Mich. Mar. 29, 2006); 3 Bridges, 216 F.Supp.2d at 659.

**Factual And Procedural Background**

In support of their motion for summary judgment, respondents set out numbered fact paragraphs with citations to the record. Petitioner's opposition brief does not dispute any specific paragraphs in respondents' memorandum. Further, petitioner's brief does not set forth additional facts to dispute respondents' facts. See D. Kan. Rule 56.1.² Rather, in response to respondents'

---

² D. Kan. Rule 56.1(b) provides as follows:

(b) Opposing Memorandum.
(1) A memorandum in opposition to a motion for summary judgment shall begin with a section that contains a concise statement of material facts as to which the party contends a genuine issue exists. Each fact in dispute shall be numbered by paragraph, shall refer with particularity to those portions of the record upon which the opposing party relies, and, if applicable, shall state the number of movant's fact
(continued...)

statement of facts, petitioner states as follows:

> Respondents have not yet filed an answer to the Petition, and there has been no discovery completed in this case. Thus, there are no depositions, answers to interrogatories, or admissions on file. Respondent filed no affidavits with its Motion for Summary Judgment, just a Certificate of Administrative Record which authenticates all Exhibits attached to the Motion as the complete administrative record. Respondents' Motion is apparently based solely upon the Petition and the administrative record since no additional evidence has been offered. Because the only pleading is the Petition, and the "evidence of the nonmoving is to be believed, and all justifiable inferences are to be drawn in his favor," Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986), the facts and allegations stated in the Petition must be taken as true for purposes of Respondents' motion.

Petitioner's Opposition To Motion For Summary Judgment (Doc. #30) ("Petitioner's Opposition") filed August 17, 2009 at 2-3. Petitioner misconstrues the rules governing summary judgment. Respondents have attached as exhibits to their memorandum the entire administrative record, together with an affidavit which authenticates the administrative record. Respondents have properly supported their statement of facts under Rule 56, Fed. R. Civ. P. Although petitioner points out that no formal discovery has taken place, he has not presented an affidavit under Rule 56(f) stating that he cannot present facts essential to his opposition. See Fed. R. Civ. P. 56(f) (if party opposing motion shows by affidavit that for specified reasons, he cannot present facts essential to justify opposition, court may deny motion, order continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken, or issue any other just order). Because

---

[2](...continued)
that is disputed.
(2) If the party opposing summary judgment relies on any facts not contained in movant's memorandum, that party shall set forth each additional fact in a separately numbered paragraph, supported by references to the record, in the manner required by subsection (a), above. All material facts set forth in this statement of the non-moving party shall be deemed admitted for the purpose of summary judgment unless specifically controverted by the reply of the moving party.

petitioner has not specifically controverted the facts set forth by respondents and supported by the record, those facts are deemed admitted for the purpose of summary judgment. See D. Kan. R. 56.1(b). These facts are summarized as follows:

Petitioner became a federal firearms licensee in 1992, after working for approximately ten years as a gunsmith for another federal firearms licensee. As a federal firearms licensee, he is subject to the GCA, 18 U.S.C. §§ 921-930. Petitioner's firearms license authorized him to conduct business at 5606 Johnson Drive, Mission, Kansas. In September of 1995, BATFE conducted a compliance inspection of petitioner's licensed business and cited no violations. See 18 U.S.C. § 923(g) (authorizing BATFE to inspect licensed firearm business to ensure compliance with federal firearms license regulations). In September of 2002, BATFE conducted an application inspection for a manufacturer's license filed by petitioner. As part of the inspection, BATFE agents reviewed federal firearms rules, regulations and procedures with petitioner, and he signed an acknowledgment of BATFE rules and procedures. See Doc. #16-5 at 50. A BATFE Inspector thoroughly explained to him BATFE rules and procedures and answered his questions regarding BATFE rules and procedures.

Beginning on March 9, 2007, BATFE Industry Operations Investigators Nicolas Boggs and Abigail Lewis conducted a compliance inspection concerning petitioner's license. On March 30, 2007, they cited petitioner for 12 categories of GCA violations. Report of Violations, Doc. #16-5 at 39-46.

On July 12, 2007, BATFE issued petitioner a Notice of Revocation of License, ATF Form 4500. It alleged that petitioner had willfully violated Chapter 44 of Title 18, United States Code. As a result, petitioner's license was subject to revocation in accordance with 18 U.S.C. § 923(e).

Notice of Revocation, Doc. #16-5 at 21-28. The Notice of Revocation listed 12 categories of violations or grounds for revocation with subparagraphs detailing violations and references to applicable statutes and regulations, as follows:

> Ground No. 1- 27 C.F.R. § 478.124(c), failure to obtain a properly executed ATF Form 4473;
> Ground No. 2 - 27 C.F.R. § 478.124(b), failure to retain Forms 4473 in alphabetical, chronological, or numerical order;
> Ground No. 3 - 27 C.F.R. § 478.100(a)(1), transferring firearms at an out-of-state gun show located in Missouri;
> Ground No. 4 - 27 C.F.R. § 478.21(a), failure to record the location of the gun show where transactions occurred on Forms 4473;
> Ground No. 5 - 27 C.F.R. § 478.126a, failure to prepare and file a Report of Multiple Sales forms;
> Ground No. 6 - 27 C.F.R. § 478.125(e), failure to record or properly record the acquisition of a firearm;
> Ground No. 7 - 27 C.F.R. § 478.125(e), failure to record or properly record the disposition of firearms;
> Ground No. 8 - 27 C.F.R. § 478.124(c)(3)(iv), failure to record information received from the National Instant Criminal Background Check System (NICS) on Forms 4473;
> Ground No. 9 - 27 C.F.R. § 478.124(c)(3)(i), failure to examine and record an identification document or an appropriate identification document presented by buyers on Forms 4473;
> Ground No. 10 - 27 C.F.R. § 478.102(a), failure to contact NICS and obtain approval from NICS after a criminal background check is completed and prior to transferring a firearm;
> Ground No. 11 - 27 C.F.R. § 478.124(a), failure to obtain a Form 4473 from the transferee prior to taking a transfer; and
> Ground No. 12 - 27 C.F.R. § 478.128(c), making a false statement and or representation regarding information required to be kept in the record of the licensee.

See id.

On July 26, 2007, petitioner timely requested a hearing pursuant to 18 U.S.C. § 923(f)(2). On November 6, 2007, Hearing Officer Connie Tuell held an administrative hearing. Petitioner was represented by counsel and appeared as a witness on his own behalf. Boggs and Lewis testified and both parties offered exhibits. The Hearing Officer found that petitioner had committed all of the

-7-

cited violations. See Hearing Officer Report, Doc. #16-5 at 1-19.

Based upon the Hearing Officer's report and an independent review of the administrative record, William Bowers, BATFE Director of Industry Operations, determined that petitioner (1) was familiar with the requirements imposed upon federal firearms licensees; (2) acted with plain indifference to, or with purposeful disregard of, the requirements of the law and regulations; and (3) willfully committed the violations charged. Bowers then issued petitioner a Final Notice of Revocation.

On July 30, 2008, petitioner commenced this action by filing a petition for judicial review pursuant to 18 U.S.C. § 923(f)(3). Petitioner alleges that he did not willfully violate GCA and regulations, and that BATFE therefore improperly revoked his firearms license. Respondents assert that they are entitled to summary judgment because the undisputed facts establish sufficient grounds to uphold the revocation.

## **Analysis**

After notice and opportunity for hearing, the Attorney General may revoke any license issued pursuant to 18 U.S.C. §923 if the holder of such license has willfully violated any provision of GCA or any rule or regulation prescribed under the GCA. 18 U.S.C. § 923(e) (2006); see Am'n Arms Int'l. v. Herbert, 563 F.3d 78, 81. As noted, the Court's de novo review is limited to independently determining whether the revocation was authorized. See Harrison v. United States, No. CIV-04-100-SPS, 2006 WL 3257401, at *4 (E.D. Okla., Nov. 9, 2006). The Court must uphold respondents' decision to revoke if it determines that petitioner willfully violated any provision of the GCA or any regulation promulgated thereunder. 18 U.S.C. § 923(e); Appalachian Res. Dev. Corp. v. McCabe, 387 F.3d 461, 464 (6th Cir. 2004) (single willful violation of the GCA or

implementing regulations can be basis for revoking license); Procaccio v. Lambert, 233 Fed. Appx. 554, 559 (6th Cir. 2007).

Petitioner does not dispute that he committed numerous violations of the GCA and corresponding regulations. Rather, he asserts that he did not *willfully* violate the GCA or regulations. The Tenth Circuit has not addressed the definition of "willfully" under Section 923. Petitioner urges the Court to apply the definition of willfulness set forth in Bryan v. United States, 524 U.S. 184, 191-92 (1998). In Bryan, the Supreme Court held in a criminal context that a willful act is "one undertaken with a 'bad purpose.'" See id. at 191. As respondents point out, however, Bryan did not extend to GCA licensing cases. In fact, in Bryan, the Court noted that "willfully" is a "word of many meanings" whose construction often depends on context. Id.

The circuits which have addressed the question have found that a "willful" violation under the GCA requires "a deliberate, knowing, or reckless violation of its requirements." Gen. Store, Inc., v. Van Loan, 560 F.3d 920, 924 (9th Cir. 2009); see Armalite Inc. v. Lambert, 544 F.3d 644, 647 (6th Cir. 2008); RSM, Inc. v. Herbert, 466 F.3d 316, 321 (4th Cir. 2006); Willingham Sports, Inc. v. BATFE, 415 F.3d 1274, 1277 (11th Cir. 2005). This definition of willfulness – knowing or reckless, but not negligent – is consistent with "standard civil usage." See Armalite, 544 F.3d 644, 647 (citing Safeco Ins. Co. of Am. v. Burr, 551 U.S. 47, 57 (2007)). The Court finds that the Tenth Circuit would likely adopt the prevailing standard and require a showing of knowing or reckless conduct in order to establish willfulness.

Here, petitioner concedes that he was aware of his legal obligations under the GCA and pertinent regulations. He admits that he violated the GCA but asserts that the violations were not willful but were merely "clerical errors," "inadvertent mistakes" or "merely negligent." The Court

notes, however, that as set forth in Grounds 3 and 12, petitioner admittedly made intentional false statements and omissions. Based on these willful violations, the Court finds that summary judgment is appropriate.

Grounds 3 and 12 both arise out of sales at a gun show in Missouri. In Ground 3, BATFE found that on at least three occasions, petitioner transferred firearms at an out-of-state gun show in Missouri in violation of 18 U.S.C. § 923(g)(1)(A) and 27 C.F.R. § 478.100(a)(1). A licensee may transfer a firearm at a gun show in the state specified on the license. See 27 C.F.R.478.100(a)(1). In this case, petitioner was licensed to transfer firearms in Kansas, yet he unlawfully sold three firearms at a gun show in Missouri. At that Missouri gun show, Inspector Johnson asked petitioner if he had made any prohibited transfers of firearms at the gun show and petitioner falsely denied doing so. Later, during the inspection of the business, petitioner falsely told the investigator that the firearms transfers were not made at the Missouri gun show, but at his business premises. Petitioner eventually admitted to investigators that two transfers (Ferguson and Thoele) occurred in Missouri even though the applicable Form 4473s did not list the Missouri gun show as the location of those transfers.

To explain these violations, petitioner testified that he had initially forgotten that he was not allowed to sell in Missouri. Hearing Transcript, Doc. #16-3 at 58. Petitioner then told the inspector that he had lied at the gun show because he was afraid he was going to get into trouble. He testified that "when she approached me, I told her yes, I'd just made that transfer and the others, I panicked. I didn't know what was going to happen to me right then and I just – it was immature, but I was terrified. She leaned over me and said there weren't any more, were there, and – anyway, if she'd asked more gently, I would have probably said yes. It was just I panicked." Id. He testified that

"I was afraid she was going to arrest me or something right there." Hearing Transcript, Doc. #16-4 at 55. This evidence demonstrates that petitioner was familiar with the law and regulation which prohibits transfers at out-of-state gun shows by licensees. 27 C.F.R. § 478.100. There is no material factual dispute that he willfully committed the violation in Ground 3.

In Ground 12, BATFE found that petitioner knowingly made a false statement or representation with respect to information required under the GCA in violation of 18 U.S.C. § 924(a)(1)(A) and 27 C.F.R. § 478.128(c). As noted, petitioner admittedly made false statements to BATFE investigators about the gun sales at the Missouri gun show, and also failed to record the gun show location on ATF Forms 4473. (Ferguson and Thoele, both dated 1/14/06). This failure to record the location of the gun show contributes to the false representation because without the gun show listing, the record indicates that the firearms were transferred at the licensed premises in Kansas. See Cisewski v. Dep't of Treasury, Bureau of Alcohol, Tobacco & Firearms, 773 F. Supp. 148, 150-52 (E. D. Wis. 1991) (licensee sold handguns to undercover officers and when confronted by officers and ATF agent, falsely stated that guns had been pre-ordered; court held that false entries and altered documents were willful violations). Based on the evidence set out above, the Court finds that as cited in Ground 12 of the revocation notice, petitioner knowingly made false representations to BATFE which constitute willful violations of the GCA.

The Attorney General is authorized to revoke the license of a federal firearms dealer based upon a single, willful violation of the Gun Control Act or the regulations promulgated thereunder. See Appalachian Res. v. McCabe, 387 F.3d 461, 464 (6th Cir. 2004). Here, the record reflects that petitioner committed willful violations as set forth in Grounds 3 and 12 of the revocation notice. The

Court therefore finds that respondents were authorized to revoke petitioner's firearms dealer and manufacturer's license. 18 U.S.C. § 923(f)(3). They are therefore entitled to summary judgment.

**IT IS THEREFORE ORDERED** that <u>Respondents' Motion For Summary Judgment</u> (Doc. #15) filed May 29, 2009 be and hereby is **SUSTAINED**.

**IT IS FURTHER ORDERED** that the Court **AFFIRMS** the action of the Attorney General, acting through the BATFE, in revoking petitioner's firearms license. Judgment shall be entered in favor of respondents and against petitioner Michael Allee.

Dated this 29th day of January, 2010 at Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u>
Kathryn H. Vratil
United States District Judge